IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-03637-RBJ

DANIEL DE JESUS DE JESUS,

    Petitioner,

v.

CHAD F. WOLF, Acting Secretary of the Department of Homeland Security, in his official capacity,
WILLIAM P. BARR, Attorney General of the United States, in his official capacity,
TONY H. PHAM, Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement, in his official capacity,
JOHN FABBRICATORE, Field Office Director of Immigration and Customs Enforcement, Denver Field Office, in his official capacity, and
JOHNNY CHOATE, Warden of GEO Group, Aurora, CO, in his official capacity,

    Respondents.

ORDER on PETITION FOR WRIT OF HABEAS CORPUS

Daniel de Jesus de Jesus petitions for an order releasing him from ICE detention. The Court heard oral argument on January 14, 2021. The petition is conditionally denied, as explained herein.

## BACKGROUND

Petitioner is a 23-year old citizen of Mexico. He first entered the United States in October 2013, but he was voluntarily returned to Mexico. ECF No. 17-8 (Declaration of Deportation Officer Paul Lauciello) at ¶6. On an unknown date between October 2013 and December 2016 he returned illegally to the United States.

1

On December 8, 2016, by then age 19, he was convicted in the Monterey County, California Superior Court of unlawful sexual intercourse with a minor more than three years younger and sentenced to probation.  *See id.* at ¶8 and ECF No. 17-1 (Felony Abstract of Judgment).  That brought him to the attention of Immigration and Customs Enforcement ("ICE").  On December 9, 2016 he was detained by ICE and served with a Notice to Appear ("NTA") before an immigration judge for removal proceedings.  ECF No. 17-2.  The NTA did not, however, specify the date, time or place of his required appearance.  *Id.*

The record is not clear as to what happened between his detention on December 9, 2016 and February 2017.  On February 14, 2017 petitioner appeared before an immigration judge in San Francisco who ordered that he be released on a bond.  ECF No. 17-3.  He was released on bond on March 7, 2017.  However, later in 2017 petitioner was charged with new felony sex offenses involving a minor.  On October 31, 2018 he was convicted in the Monterey County Superior Court of two counts of meeting with a minor for lewd purposes and one count of contact with a minor with the intent to commit a sexual offense.  ECF No. 17-1.  He was sentenced to concurrent prison sentences of three, one and one years.  *Id.*

On September 9, 2019, while petitioner was still serving his prison sentence, an immigration judge in San Francisco terminated his pending removal proceeding, finding that jurisdiction never vested because the NTA was missing the date, time and place of the immigration hearing.  ECF No. 17-4.[1]  On September 19, 2019 the United States Department of Justice filed an appeal with the Board of Immigration Appeals.  ECF No. 17-5.

---

[1] ICE presumably could have mooted the issue by serving a new NTA on petitioner at or before his release from state prison with the time, date and place for an immigration judge hearing indicated. Moreover, if this Court were to order petitioner's release, it appears that ICE could serve a new, complete

The appeal claimed that the immigration judge's decision was a misreading of a Ninth Circuit decision and was directly contrary to a previous Board of Immigration Appeals decision. *Id.* at 3. The appeal urged the Board to take "swift and decisive action" because this case was just one of approximately 2,735 similar terminations issued by immigration judges in San Francisco. *Id.*

Apparently, swift and decisive action was not to be. The appeal was still pending on November 5, 2020 when the petitioner was released from state custody. ICE then cancelled petitioner's bond and detained him. On the same day petitioner checked a box on the Notice of Custody Determination form indicating that he was not requesting an immigration judge review of the custody determination (a bond hearing). ECF No. 17-6. Petitioner was thereafter transported to the Aurora, Colorado Contract Detention Facility.

This case was filed on December 11, 2020, after petitioner had been detained by ICE for approximately one month. Petitioner's position, simply stated, is that once a decision was made that the immigration court lacked jurisdiction, he must be released. The government's position is that the immigration judge's decision is not final because of the pending appeal.

## ANALYSIS AND CONCLUSIONS

"[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Except as provided in 8 U.S.C. § 1226(c), the detained alien may be released on a bond.

---

NTA on petitioner and re-detain him. I asked government counsel about this during the hearing. As I recall, counsel wasn't sure but thought the reason ICE had not issued a new NTA had to do with the logistics created by the massive numbers of similar immigration judge orders in San Francisco.

A. **Section 1226(a)**.

Petitioner's primary argument at hearing was that "a decision" was made by the immigration judge, and therefore, ICE's authority to detain him expired. This is a reference to the language of § 1226(a). However, an order by an immigration judge can be appealed to the Board of Immigration Appeals. 8 C.F.R. §§ 1240.15; 1003.1(b)(3); 1240.15. An immigration judge's order is not final until either the parties have waived an appeal or the time to appeal has expired. 8 C.F.R. §§ 1240.14; 1003.39. When, as here, a timely appeal is filed, "the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed . . . while an appeal is pending." 8 C.F.R. § 1003.6(a). *See Hurtado-Ruiz v. Holder,* No. , 2011 WL 671746, at *2 (D. Ariz. Feb. 16, 2011) (petitioner's removal proceedings remain open pending the government's appeal of the immigration judge's order); *Uritsky v. Ridge*, 286 F. Supp. 2d 842, 843 (E.D. Mich. 2003) ("the government's notices of appeal automatically stayed the Immigration Judge's orders terminating the removal proceedings and setting a bond.").

Petitioner notes that those cases did not involve terminations of proceedings based on lack of jurisdiction. However, he does not explain why that distinction makes a difference. Either there is a right of appeal or there is not.[2]

---

[2] If the government's appeal were plainly meritless, I might see the issue differently, but I do not see this appeal as futile. An NTA that does not specify a time or date does not trigger the "stop-time" rule under section 1229(a), *see Pereira v. Sessions,* 138 S.Ct. 2105 (2018). However, several courts have held that such an NTA nevertheless vests jurisdiction in the immigration court. *See, e.g., Banegas Gomez v. Barr,* 922 F.3d 101, 110-11 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court...."). In the case cited by the immigration judge, *Karingithi v. Whitaker,* 913 F.3d 1158, (9th Cir. 2019), the court stated, "Karingithi argues that if a notice to appear does not state the time for her initial removal hearing, it is not only defective under § 1229(a), but also does not vest jurisdiction with the IJ. The flaw in this logic is that the regulations, not § 1229(a), define when jurisdiction vests." *Id.* at 1160. A Tenth Circuit

### B. Section 1226(c).

Under 8 U.S.C. § 1226(c)(1), the Attorney General "shall take into custody" any alien who is deportable because he has been convicted of certain crimes. The government contends that petitioner's conviction under California Penal Code § 288.3(a)/261 was for a crime of moral turpitude, which places him in the category of aliens for which detention is mandatory under 8 U.S.C. § 1226(c)(1)(C). ECF No. 19 at 2.

### C. Due Process.

Even under § 1226(c), however, detention raises constitutional implications. In *Demore v. Kim,* 538 U.S. 510 (2003), the Court held that the government may constitutionally detain deportable criminal aliens to whom § 1226(c) applies "for the brief period necessary for their removal proceedings," citing Congress's justifiable concerns that deportable aliens who are not detained might continue to engage in crime or fail to appear for their removal hearings. *Id.* at 513. But what is a "brief period"? *Demore* did not say. In *Jennings v. Rodriguez,* 138 S.Ct. 830, 846-48 (2018) the Court rejected the Ninth Circuit's holding that § 1226(a) and (c) impose an implicit six-month time limit on an alien's detention without a bond hearing at which the government proves by clear and convincing evidence that further detention is justified. However, *Jennings* did not address whether the constitution places any limit on the length of detention. *See id.* at 851-52.

I need not address the constitutional issue today. Petitioner has so far been detained by ICE for only about three and one-half months. Moreover, he ostensibly waived a bond hearing when he was detained. That said, however, ICE's appeal to the Board of Immigration Appeals has now been pending for approximately 17 months without a decision, despite the DOJ's plea for "swift and

---

panel seemed to agree. *See Soriano-Mendosa v. Barr,* 768 F. App'x 796, 802 (10th Cir. 2019) (unpublished) ("[W]e see no jurisdictional significance in the failure to include a date and time in the notice to appear.").

decisive action." Moreover, I am aware from multiple cases that detainees in the Aurora Contract Detention Center have experienced serious health and safety issues. There will come a time when delay becomes "unconstitutionally prolonged." *See Singh v. Choate,* No. 19-cv-00909-KLM, 2009 WL 3943960, at **4-7 (D. Colo. Aug. 21, 2019).

**D.  Conclusion and Order.**

The Court denies the petition. However, the Court grants petitioner leave to request that the Court revisit the issues if, within the next 90 days, there has been neither a decision of the Board of Immigration Appeals nor a bond hearing.

DATED this 16th day of February, 2021.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge